## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TED DELASHMET**, individually and
on behalf of all others similarly situated,

        Plaintiff,

        vs.                             No. CIV 05-0848 MCA/WPL

**CUSTOM DESIGNED COMPRESSOR SYSTEMS,
INC.**, **SHELBY E. BALL**, and
**DOES 1 THROUGH 10**, inclusive,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Notice of Motion of the Green Group for Appointment of Lead Plaintiff, and Approval of Selection of Lead Counsel and Liaison Counsel* [Doc. 2] filed on October 11, 2005, and the *Notice of Motion in Support of Motion of the Jacobsen Group to Appoint Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Counsel* [Doc. 6] filed on October 11, 2005.  Having considered the parties' submissions, the relevant law, and being fully advised in the premises, the Court finds that the Green Group best satisfies the requirements for appointment as lead plaintiff and lead counsel in this case under the Private Securities Litigation Reform Act of 1995 (PSLRA). Therefore, the Green Group's motion is granted and the Jacobsen Group's motion is denied.

I.    **BACKGROUND**

On February 25, 2005, the Securities & Exchange Commission (SEC) filed a civil action in the United States District Court for the District of New Mexico alleging securities fraud by Defendants Custom Designed Compressor Systems, Inc. (CDC) and Shelby Ball. *See SEC v. Custom Designed Compressor Systems, Inc.*, No. Civ. 05-213 WPJ/ACT (D.N.M. complaint filed Feb. 25, 2005). Pursuant to the procedures set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Plaintiff Ted Delashmet subsequently brought the instant proposed class action suit against Defendants CDC, Shelby Ball, and Does 1 through 10 (collectively, "Defendants"), on behalf of himself and all persons who acquired CDC stock during the period from September 14, 2004, through October 22, 2004. [Doc. 1.] Plaintiff DeLashmet is represented by the Rosen Law Firm and Ron Bell & Associates, PC.

On August 10, 2005, the Rosen Law Firm, on behalf of Plaintiff Delashmet and the class, published a notice in *Primezone*, announcing that the firm had filed the instant class action suit on behalf of purchasers of CDC stock during the period from September 14, 2004, through October 22, 2004. Declaration of Evan J. Smith (Doc. No. 4), Ex. A. The notice also informed potential class members that they had 60 days in which to move the Court to serve as lead plaintiff. *Id.*, Ex. A at 2.

On October 11, 2005, the "Green Group" moved the Court for an order under the PSLRA appointing the Green Group as lead plaintiff and approving Brodsky & Smith, LLC, and the Law Offices of Brian Felgoise, P.C., to serve as co-lead counsel and the Branch Law

Firm to serve as Liaison Counsel.  [Doc. 2.]  The Green Group is composed of five class members:  David Green, Paul Maull, Tze Hon Lin, Lachman Dassgupta, and Dan Medeiros.  *See* Green Group's Mem. of Law in Supp. of the Green Group's Mot. for Appointment as Lead Pl., and Approval of Selection of Lead Counsel and Liaison Counsel (Doc. No. 3) ("Green Group Mem.") at 6.  The Green Group argues that they should be appointed as lead plaintiff because they are the group with the largest financial interest in the litigation of those seeking appointment of lead plaintiff.  The Green Group claims that its total losses from its purchases of CDC securities amount to approximately $182,497.50.  Declaration of Evan J. Smith (Doc. No. 4), Ex. C.  The individual financial losses claimed by the Green Group are as follows:  $80,100.00 (Paul Maull); $41,560.00 (Tze Hon Lin); $30,600.00 (David Green); $18,687.50 (Dan Madeiros); and $11,550.00 (Lachman Dassgupta).  *Id.*  The Green Group contends that it is the presumptive most adequate plaintiff because it has the largest financial interest in the relief sought by the class and because it otherwise satisfies the requirements of Rule 23, particularly the typicality and adequacy requirements.  Consequently, the Green Group asserts that it should be appointed lead plaintiff and its choice of lead counsel and liaison counsel should be approved.

On October 11, 2005, the "Jacobsen Group" also moved the Court to appoint the Jacobsen Group as lead plaintiff and to approve the Rosen Law Firm as lead counsel and Ron Bell & Associates, PC, as liaison counsel for the class.  [Doc. 6.]  Five potential class members make up the Jacobsen Group:  Arthur J. Jacobsen, Ted DeLashmet, Michael F. Russell, Larry A. Wormmeester, and John C. Kranyecz, Sr.  Jacobsen Group's Mem. of Law

in Supp. of Mot. to Consolidate the Related Actions, Appoint Lead Pls., and for Approval of Lead Pls.' Selection of Counsel (Doc. No. 8) ("Jacobsen Group Mem.") at 5.    The Jacobsen Group argues that it is the presumptive lead plaintiff because it meets the three criteria for the presumption:  (1) it made the instant motion in response to the PSLRA notice for appointment of lead plaintiff and its choice of counsel, the Rosen Law Firm, first filed the complaint; (2) it has a significant financial interest in the action; and (3) it satisfies the requirements of Rule 23.  The Jacobsen Group contends that its total financial losses are $103,922.29.  *Id.* at 5.  Further, it argues that its claims are typical of the class, as the Jacobsen Group and all members of the class allege that Defendants violated the Exchange Act by disseminating false and misleading statements, all members of the class purchased CDC shares at artificially inflated prices based on the misrepresentations, and the class members were all damaged thereby.  Finally, the Jacobsen Group asserts that it can adequately represent the class because it shares the same interests and it knows of no unique defenses Defendants could raise against them.  Accordingly, the Jacobsen Group argues that it should be appointed lead plaintiff and its choice of lead counsel and liaison counsel should be approved.

After the filing of the Jacobsen Group's motion papers, the Green Group filed an additional memorandum in support of its appointment as lead plaintiff.  [Doc. 9.]  This memorandum makes virtually the same arguments and stresses that the Green Group has a larger financial interest than the Jacobsen Group.  As an alternative argument, the Green

Group contended that the Court should appoint Mr. Paul Maull as sole lead plaintiff, as he has the largest individual financial interest in the litigation.

## II.    <u>ANALYSIS</u>

The PSLRA sets forth the process for appointing the lead plaintiff in this litigation. <u>See</u> 15 U.S.C. § 78u-4(a)(3).  The PSLRA provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* § 78u-4(a)(3)(A)(i)(II).  "Not later than 90 days after the date on which a notice is published . . . the court  . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. . . ." *Id.* § 78u-4(a)(3)(B)(i).  Once the most adequate plaintiff is chosen, that plaintiff must, subject to court approval, "select and retain counsel to represent the class."   15 U.S.C. § 78u-4(a)(3)(B)(v).

The process of selecting the lead plaintiff is complicated in this case because the Green Group and the Jacobsen Group have filed conflicting motions to serve in this capacity. To resolve this conflict, the Court must apply the statutory criteria to determine which Plaintiff is most capable of adequately representing the interests of the class members.

The PSLRA refers to a plaintiff who is most capable of adequately representing the interests of the class members as the "most adequate plaintiff." *Id.*  The PSLRA mandates that the Court adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

In this case, there is no dispute that both the Green Group and Jacobsen Group filed a timely motion for appointment of lead plaintiff in response to the notice.[1]  Thus, both proposed lead plaintiffs satisfy the first statutory requirement listed above, and this requirement is not dispositive.

The most important of the statutory criteria for determining the lead plaintiff is the second requirement, *i.e.*, the amount of financial interest claimed.  *See Newman v. Eagle Building Technologie*s, 209 F.R.D. 499, 502 (S.D. Fla. 2002).  To evaluate this factor, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  The court must then focus its attention on *that* plaintiff and determine whether that plaintiff meets Rule 23's requirements, particularly those of typicality and adequacy.  *Id.*  "If the plaintiff with the largest financial stake in the controversy provides information that

---

[1]In this case, the Rosen Law Firm published the notice on August 10, 2005.  Both proposed lead plaintiff groups filed their motions for appointment the same day, on October 11, 2005, which was timely.  The 60th day after the filing of the notice was October 9, 2005, which was a Sunday, and Monday, October 10, 2005, was a holiday.  Thus, both groups timely filed their motions for appointment of lead plaintiff.

satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.*  If the plaintiff with the largest stake in the litigation does not satisfy Rule 23's requirements, then the court must repeat the inquiry, considering the plaintiff with the next-largest financial stake in the outcome, until the court finds a plaintiff who is willing to serve and satisfies Rule 23's requirements.  *Id.*  "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.* at 732.  *See also In re Cendant Corp. Litigation*, 264 F.3d 201, 262 (3d Cir. 2001) (once court identifies movant with largest financial interest, court should then turn to question whether that movant satisfies Rule 23 requirements and is presumptively most adequate plaintiff).

The PSLRA permits small groups of plaintiffs to aggregate their losses to show the largest financial interest. *See, e.g., Meyer v. Paradigm Medical Indus.*, 225 F.R.D. 678, 681 (D. Utah 2004) (finding it appropriate to aggregate losses in determining lead plaintiff); *Newman*, 209 F.R.D. at 503; *In re Ribozyme Pharmaceuticals Inc. Securities Litigation*, 192 F.R.D. 656, 659 (D. Colo. 2000) (noting that majority of courts have permitted plaintiffs to aggregate their losses for purposes of lead plaintiff status and that lead plaintiff group should be limited to three to five members).  Courts should examine the following factors in determining which plaintiff has the largest financial interest:  (1) the number of shares that the plaintiff purchased during the class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs during the class period.  *See In re Cendant Corp. Litigation*, 264 F.3d 201, 262 (3d Cir.

-7-

2001); *In re Williams Securities Litigation*, 2002 WL 32153476, *2 (N.D. Okla. July 8, 2002) (unpublished decision collecting cases).

In this case, both the Green Group and the Jacobsen Group aggregated the losses of five plaintiffs to try to show the largest financial interest. The Green Group claims that its total losses from its purchases of CDC securities amount to approximately $182,497.50. In contrast, the Jacobsen Group asserts only $103,922.29 in total financial losses. Although the two groups appear to have used slightly different methods for calculating their losses, neither group disputes the other's claimed financial losses nor challenges the way in which the other group arrived at its loss calculation. Accordingly, I find that even when these differences in calculation are accounted for, the Green Group has the largest financial interest and thus satisfies the second of the statutory criteria listed above.

It follows that the Green Group should be the presumptive plaintiff if it meets the requirements of Rule 23. Having determined that the Green Group has the largest financial interest, there is no need for further comparison of the two groups with respect to the Rule 23 criteria of adequacy and typicality. "Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d at 732.

As relevant for the lead plaintiff determination, a class representative under Rule 23 must establish that its claims are typical of those of the class and that it can adequately represent the class. *Newman*, 209 F.R.D. at 504; *In re Ribozyme*, 192 F.R.D. at 657. Typicality exists where the injury and conduct are sufficiently similar. *In re Sprint Corp.*

*Securities Litigation*, 164 F.Supp.2d 1240, 1243 (D. Kan. 2001). Differing fact situations of class members does not defeat typicality so long as the claims of the class representative and class members are based on the same legal theory. *In re Ribozyme*, 192 F.R.D. at 657. As for the adequacy requirement, a lead plaintiff is adequate if there is an absence of potential conflict between the lead plaintiff and the class members, and the counsel chosen by the lead plaintiff is qualified, experienced, and able to vigorously conduct the litigation. *Id.*

A member of the purported plaintiff class may rebut the presumption by proving that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Courts have determined that it is not incongruous to allow plaintiffs to attempt to cast doubt on the typicality and adequacy determination just made by the district court, because at the prior stage, the court is relying on the presumptive lead plaintiff's complaint and sworn certification, while at the rebuttal stage, the process turns adversarial and other plaintiffs can provide evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy. *In re Cavanaugh*, 306 F.3d at 730 (citing *In re Cendant Corp. Litigation*, 264 F.3d at 264). The district court may hold an evidentiary hearing at the rebuttal stage in order to make a renewed determination of typicality and adequacy. *Id.*

In this case, I find that the Green Group satisfies the typicality requirement, because the plaintiffs in this group, like all class members, purchased CDC securities during the class

period at allegedly artificially inflated prices caused by Defendants' false and misleading statements. *See Sprint*, 164 F.Supp.2d at 1243-44 (holding that investor group was typical of class because, like all class members, they purchased Sprint's securities during class period at allegedly artificially inflated prices caused by defendants' representations that caused them harm).  I also find that the Green Group meets the adequacy requirement, because the Plaintiffs in this group have an interest in the litigation, as evident by their alleged financial losses, have knowingly decided to participate in the litigation, and have agreed to provide testimony at trial. *Cf. Newman*, 209 F.R.D. at 506 (holding that lead plaintiff was adequate where plaintiff had interest in litigation, knowingly decided to participate in litigation, and agreed to provide testimony at trial).

Moreover, my review of the record does not reveal any possible conflict that could impede representation or any basis to question the qualifications and experience of the Green Group's selected counsel. *See In re Cavanaugh*, 306 F.3d at 732-33 (presumptive lead plaintiff's choice of counsel and fee arrangement may be relevant to adequacy determination if it indicates preferential treatment, conflict of interest, or inability to handle responsibilities of lead plaintiff).  The Plaintiffs in the Green Group thus appear to be able to adequately represent the class. *Cf. Sprint*, 164 F.Supp.2d at 1244 (holding that investor group could adequately represent class where court was unaware of any conflict that could impede representation and had no reason to question qualifications, experience, and abilities of selected counsel).

Neither the Jacobsen Group nor any other Plaintiff has presented the Court with any rebuttal evidence that the Green Group cannot adequately represent the class or that the Plaintiffs in the Green Group are subject to unique defenses.  Therefore, I find that an evidentiary hearing on this issue is not necessary, and that the Green Group satisfies the adequacy and typicality requirements of Rule 23 for purposes of its appointment as lead Plaintiff.  I further find that the Green Group's selection of lead counsel and liaison counsel is appropriate in light of the factors discussed above.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, this Court appoints the Green Group as the lead Plaintiff under Section 78u-4(a)(3) of the PSLRA.  Brodsky & Smith, LLC, and the Law Offices of Brian Felgoise, P.C. are appointed to serve as co-lead counsel, and the Branch Law Firm is appointed to serve as Liaison Counsel.

**IT IS THEREFORE ORDERED** that the *Motion of the Green Group for Appointment of Lead Plaintiff, and Approval of Selection of Lead Counsel and Liaison Counsel* [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the *Motion of the Jacobsen Group to Appoint Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Counsel* [Doc. 6] is **DENIED**.

**SO ORDERED** this 9th day of March, 2006, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**